UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RR PRODUCTIONS,<br><br>        Plaintiff,<br><br>    v.<br><br>MCDONALD'S CORPORATION et al.,<br><br>        Defendants. | Case No. 2:24-cv-09519-SB-SK<br><br>ORDER RE MANDATORY SCHEDULING CONFERENCE AND ORDER TO SHOW CAUSE |

    The parties' mandatory scheduling conference (MSC) is currently set for December 20, 2024.  Recently, Defendant McDonald's Corporation filed a motion to dismiss and noticed the motion for hearing on January 31, 2025.  To consolidate the proceedings, the Court advances the hearing on the motion to dismiss and continues the MSC to January 10, 2025 at 8:30 a.m.  Plaintiff shall file its opposition to the motion by December 20, 2024, and Defendant shall file its reply by December 27, 2024.

    A review of the papers filed in connection with the MSC and motion to dismiss raise another issue.  Specifically, the Court is concerned that Plaintiff has failed to comply with its obligations under various federal rules and court orders.

    First, the MSC order in this case requires that the parties file a joint Rule 26(f) report 10 days before the scheduling conference and that the report be drafted by plaintiff's counsel (unless the parties otherwise agree).  Dkt. No. 10 at 3; *see also* Fed. R. Civ. P. 26(f).  Defendant filed its own Rule 26(f) report in advance of the MSC, explaining that Plaintiff failed to participate either in the Rule 26 conference or in the preparation of the report.  Dkt. No. 11.  Plaintiff's failure to participate in the Rule 26 conference and the preparation of the report violates both the MSC order and Rule 26.

Second, the parties are required to meet and confer before filing a motion. L.R. 7-3; Dkt. No. 9 at 8-9. Defendant recently filed a motion to dismiss. According to defense counsel's declaration, Plaintiff's counsel did not provide a substantive response to the issues raised by Defendant during the conference, including Defendant's claim that it did not own or operate the relevant franchised location at the relevant time, and abruptly ended the conference. Dkt. No. 13-2. It therefore appears that Plaintiff has not engaged in the meet and confer process in good faith as required by the local rules and the Court's standing order.

Plaintiff is ordered to show cause in writing no later than December 18, 2024 why sanctions—including dismissal, a monetary award, or other appropriate sanctions—should not be imposed pursuant to Rule 16(f), the local rules, and the Court's inherent authority for the above violations. The hearing on the order to show cause shall occur at 8:30 a.m. on January 10, 2025—the same date as the MSC and hearing on the motion to dismiss. Plaintiff's failure to timely file a response to this order will be deemed consent to dismissal of the action without prejudice. If Plaintiff intends to prosecute this case, he shall meet and confer with Defendant, and the parties shall file a JSR that complies with the Court's MSC order by December 31, 2024.

Date: December 12, 2024

_____
Stanley Blumenfeld, Jr.
United States District Judge